**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANTON PAUL DRAGO, AKA Evan
Joseph Fogarty,

Defendant-Appellant.

No.    16-10332

D.C. No.
2:13-cr-00334-JCM-CWH-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted June 13, 2019
San Francisco, California

Before:  SCHROEDER and M. SMITH, Circuit Judges, and RAKOFF,[**] District
Judge.

A jury convicted defendant Anton Drago of conspiring to commit wire fraud

(count 1), wire fraud (counts 2–3), false claims (counts 4–6), theft of public funds

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

(count 7), fictitious obligations (count 8), false statements (count 9), and failure to file a tax return (count 10). Defendant was sentenced to 300 months in prison. On appeal, defendant challenges the district court's denial of his motions to bifurcate, to suppress evidence, to continue the trial, and to declare a mistrial based on his attorney's asserted lack of preparation. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Defendant moved to sever the counts relating to his misrepresentations to the Department of Veterans Affairs from the counts relating to two fraudulent investment schemes. Even if joinder was not proper, defendant has not shown any prejudice warranting reversal. *United States v. Rousseau*, 257 F.3d 925, 932 (9th Cir. 2001) (reversal justified only if misjoinder "had a substantial and injurious effect or influence in determining the jury's verdict.") (brackets omitted) (quoting *United States v. Terry*, 911 F.2d 272, 277 (9th Cir. 1990)). The evidence of guilt was overwhelming on all counts and as the Supreme Court has established, a defendant is not entitled to severance "merely because [he] may have a better chance of acquittal in separate trials." *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (citations omitted).

The district court properly denied defendant's pre-trial motion to exclude evidence that he lied to potential investors about being a Vietnam war veteran.

The evidence of defendant's lie was relevant to prove that he fraudulently induced at least one victim, a Vietnam veteran herself, to invest in his scheme. The evidence was also admissible under Federal Rule of Evidence 404(b), to rebut defendant's argument that he dealt with investors in good faith.

The district court did not abuse its discretion when, ten days before trial, it denied defense counsel's motion for what would have been an eleventh continuance. *United States v. Kloehn*, 620 F.3d 1122, 1126–27 (9th Cir. 2010) (district court's "'broad discretion' to . . . deny a continuance . . . 'will not be disturbed on appeal absent clear abuse'") (quoting *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985)). No need for the continuance was shown, and the delay would have inconvenienced many out-of-state witnesses.

Nor was it an abuse of discretion to deny defense counsel's motion to declare a mistrial because of a professed need for further preparation. Neither the district court nor this court is obligated to accept a "self-proclaimed assertion by trial counsel of inadequate performance." *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (internal quotations omitted). None of counsel's errors reveal a manifest necessity for a new trial. *See Arizona v. Washington*, 434 U.S. 497, 506 (1978).

**AFFIRMED.**